# EXHIBIT 1

# PROCESS AND PLEADINGS FILED IN THE STATE COURT ACTION



# Service of Process Transmittal

01/06/2021
CT Log Number 538843607

**TO:** Vijay Bondada, VP of Litigation
Duke Energy Corporation
550 S TRYON ST
CHARLOTTE, NC 28202-4200

**RE:** **Process Served in South Carolina**

**FOR:** Duke Energy Corporation  (Former Name)  (Domestic State: NC)
Duke Energy Carolinas, LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jeremy Fullard, Pltf. vs. Duke Energy Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CP2100007 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/06/2021 postmarked on 01/04/2021 |
| **JURISDICTION SERVED:** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/06/2021, Expected Purge Date: 01/11/2021 |
| | Image SOP |
| | Email Notification,  Vijay Bondada  vijay.bondada@duke-energy.com |
| | Email Notification,  Lynn Colombo  Lynn.Colombo@duke-energy.com |
| | Email Notification,  Gale Whiting  Gale.Whiting@duke-energy.com |
| | Email Notification,  Nick Goulet  nicholas.goulet@duke-energy.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other



**Service of Process Transmittal**
01/06/2021
CT Log Number 538843607

**TO:** Vijay Bondada, VP of Litigation
Duke Energy Corporation
550 S TRYON ST
CHARLOTTE, NC 28202-4200

**RE:** **Process Served in South Carolina**

**FOR:** Duke Energy Corporation  (Former Name)  (Domestic State: NC)
Duke Energy Carolinas, LLC (True Name)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.





# WALKER LAW
### ATTORNEYS AT LAW

January 4, 2021

CT Corporation
2 Office Park Court Suite 103
Columbia, SC  29223

**Certified Article Number**
9414 7266 9904 2147 9432 69
**SENDER'S RECORD**

RE:   Jeremy Fullard v Duke Energy Corporation
        Civil Action No. 2021-CP-21-00007
        Our File No.

Greetings:

Enclosed please find a Summons and Complaint which we serve upon you as Registered Agent for Duke Energy Corporation in the above-referenced matter.

Should you have any questions, please do not hesitate to contact me.

With kindest regards, I am

Yours sincerely,

WALKER LAW, LLC

*Billy Walker*

BY:   William P. Walker, Jr.

(vpp)

Enclosures

William P. Walker, Jr.
bw@walkerlaw.org
803-359-6194 Office
803-957-4584 Facsimile

Post Office Box 949
Lexington, SC  29072

135 East Main Street
Lexington, SC  29072

ELECTRONICALLY FILED - 2021 Jan 04 2:23 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100007

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF FLORENCE ) | FOR THE TWELFTH JUDICIAL CIRCUIT |
| ) | |
| Jeremy Fullard, ) | CIVIL ACTION FILE NO.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **SUMMONS** |
| ) | **(Jury Trial Demanded)** |
| Duke Energy Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the Plaintiff's attorneys, Walker Morgan, LLC at their office located at 135 East Main Street, Lexington, South Carolina, 29072, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

WALKER LAW, LLC

s/ William P. Walker, Jr.

William P. Walker, Jr., Esquire
SC Bar No. 005796
135 E. Main Street (29071)
Post Office Box 949
Lexington, South Carolina 29072
Telephone: (803) 359-6194
Facsimile: (803) 957-4584
Email: bw@walkerlaw.org

*Attorney for Plaintiff*

Lexington, South Carolina

January 4, 2021

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF FLORENCE ) | FOR THE TWELFTH JUDICIAL CIRCUIT |
| ) | |
| Jeremy Fullard, ) | CIVIL ACTION FILE NO.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| Duke Energy Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Plaintiff, JEREMY FULLARD, above-named, complaining of the Defendant, DUKE ENERGY CORPORATION, herein, would respectfully show unto this court the following:

## PARTIES AND JURISDICTION

1. The Plaintiff Jeremy Fullard ("Plaintiff") is a citizen and resident of the county of Florence, state of South Carolina.

2. Upon information and belief, The Defendant, Duke Energy Corporation ("Defendant"), is a corporation organized and existing pursuant to the laws of the state of North Carolina and does significant business through its agents and servants in the county of Florence for the purpose of carrying on its business in the state of South Carolina.

3. The incident complained of and damages described herein occurred in the county of Florence, South Carolina.

4. This court has jurisdiction over Defendants, above-named, and venue is proper.

## FACTUAL ALLEGATIONS

5. Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

6. On or about December 15, 2018, Plaintiff was traveling south on Bethel Road near the town of Scranton, South Carolina, when he was involved in a single vehicle collision with a utility pole owned and operated by Defendant.

7. The vehicle in question left the roadway on the left-hand side of the road and collided with a utility pole owned and operated by Defendant.

8. That this collision caused both the pole and the distribution line to fall to the ground.

9. Upon information and belief the subject pole did not de-energize, as it was designed to do.

10. That upon information and belief, the utility line in question contained a Type WVE, three (3) phase circuit recloser, which was designed to monitor currents, trip open at a preset threshold, and reclose a preset number of times and remaining energized if the fault is momentary, or disappears.

11. That when a circuit recloser opens it is supposed to de-energize the line, on average staying open for roughly two seconds for each event before reclosing.

12. That if a fault is permanent, the recloser is designed to lock open after a preset number of operations, usually three (3) or four (4), thereby isolating the faulted section from the main part of the system.

13. That upon exiting the vehicle after the crash, Plaintiff inadvertently stepped on an energized utility line that had fallen as a result of the wreck, causing him to briefly lose consciousness and to sustain significant electrical injuries, including burns to his hands and feet and the loss of his left leg.

ELECTRONICALLY FILED - 2021 Jan 04 2:23 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100007

14. That the protective equipment failed to timely de-energize the energized circuit which caused the serious injury to Plaintiff.

15. Plaintiff was initially transported by ambulance to a hospital, where he was later transported to Joseph Still Burn Center in Augusta, Georgia, where he was admitted for further burn wound management.

16. That the utility line in which the Plaintiff unintentionally came into contact with should have been de-energized upon falling to the ground after the wreck.

17. As a consequence of the recloser's failure to operate, due in part to the improper application of fault current pick-up settings in place to assure detection and prompt de-energization of the line, thus interrupting a fault current, the line remained hot and energized.

18. That as a direct and proximate result of coming into contact with the Defendant's energized power line, which is the subject of this action, Plaintiff endured excruciating pain and suffering and permanent and lasting disability, past and future medical expenses, past and future lost wages and lost earning capacity, loss of enjoyment of life, mental anguish, emotional distress, and significant disfigurement and skin loss as a result of second and third degree burns.

19. Moreover, Plaintiff was honorably discharged from the military, resulting in the lost opportunity of paying for higher education through the Montgomery GI Bill.

## FOR A FIRST CAUSE OF ACTION

(Negligence)

20. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

21. That the National Electrical Safety Code (NESC) requires Defendant Duke Energy to operate, maintain and inspect its power lines and equipment in order to ensure the safety of the public

22. That the customary industry standards espouse that circuit reclosers should be utilized with due regard to their assigned ratings of voltage and continuous and momentary currents.

23. That industry standards and customary practice set forth that devices that are intended to interrupt fault currents shall be capable of safely interrupting the maximum short-circuit current they are intended to interrupt and detect the minimum fault current, and for the circumstances under which they are designed to operate.

24. Furthermore, the NESC espouse that phase to ground fault currents, which this was, shall be promptly de-energized.

25. Therefore, based on the aforementioned industry standards and customary practices, the Defendant owed the Plaintiff a duty to investigate and determine whether its equipment posed a danger to Plaintiff, as a member of the general public.

26. Defendant further owed Plaintiff a duty not only to keep safe the power lines at issue, but also the area around its equipment and utility pole.

27. That defendant breached the duty of care it owed to Plaintiff through it it's negligent, grossly negligent, reckless, willful, and wanton acts and/or omissions, thereby creating an unreasonable risk of harm and danger to Plaintiff, in the following particulars, to wit:

   a. In failing to properly set the recloser at appropriate thresholds so that it would thereby be capable of safely interrupting the maximum short-circuit current that it was intended to interrupt while properly operating for the likely minimum fault current that needed to be detected;

   b. In failing to follow the customary rules of the NESC and the industry, specifically the provisions that are considered necessary for the safety of employees and the public,

through its failure to inspect and remedy defects in the setting of its recloser, and the placement of its utility lines and poles;

c. The line, as designed, did not meet the requirements of the NESC since other feasible placement options were available at the time the pole was positioned in its current location;

d. In allowing the lines to remain in an inherently dangerous condition resulting from the failure to inspect, maintain, and/or repair said lines, when Defendant knew, or should have known of the inherently dangerous condition caused thereby;

e. In failing to exercise the degree of care which a reasonably prudent person would have exercised under the same or similar circumstances; and

f. Any other ways to be shown at trial.

28. As a direct and proximate result of the Defendant's aforesaid negligent, grossly negligent, reckless, willful, and wanton acts and/or omissions, the Plaintiff has suffered bodily injuries which have caused and will in the future cause him to endure great physical pain, suffering, loss of enjoyment of life, mental anguish, and emotional distress, which have caused lost opportunity for funding for higher education through the Montgomery GI Bill, and have caused and will continue to cause the Plaintiffs to incur expenses for medical services.

WHEREFORE, having fully set forth in Complaint above, Plaintiff prays for judgment against Defendant in a sum sufficient to adequately compensate for actual damages, for such punitive damages as a jury may reasonably award, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

ELECTRONICALLY FILED - 2021 Jan 04 2:23 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100007

Respectfully Submitted,

WALKER LAW, LLC

s/ William P. Walker, Jr.

William P. Walker, Jr., Esquire
SC Bar No. 005796
135 E. Main Street (29071)
Post Office Box 949
Lexington, South Carolina 29072
Telephone: (803) 359-6194
Facsimile: (803) 957-4584
Email: bw@walkerlaw.org

*Attorney for Plaintiff*

Lexington, South Carolina

January 4, 2021

ELECTRONICALLY FILED - 2021 Jan 04 2:23 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100007

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF FLORENCE ) | FOR THE TWELFTH JUDICIAL CIRCUIT |
| ) | |
| ) | |
| Jeremy Fullard, ) | CIVIL ACTION FILE NO.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **SUMMONS** |
| **)** | **(Jury Trial Demanded)** |
| Duke Energy Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the Plaintiff's attorneys, Walker Morgan, LLC at their office located at 135 East Main Street, Lexington, South Carolina, 29072, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                                                        WALKER LAW, LLC

                                                                                        s/ William P. Walker, Jr.

                                                                                        William P. Walker, Jr., Esquire
                                                                                        SC Bar No. 005796
                                                                                        135 E. Main Street (29071)
                                                                                        Post Office Box 949
                                                                                        Lexington, South Carolina 29072
                                                                                        Telephone: (803) 359-6194
                                                                                        Facsimile: (803) 957-4584
                                                                                        Email: bw@walkerlaw.org

                                                                                        *Attorney for Plaintiff*

Lexington, South Carolina

January 4, 2021

ELECTRONICALLY FILED - 2021 Jan 04 2:23 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100007

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF FLORENCE ) | FOR THE TWELTH JUDICIAL CIRCUIT |
| ) | |
| Jeremy Fullard, ) | CIVIL ACTION FILE NO.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| **)** | **(Jury Trial Demanded)** |
| Duke Energy Corporation, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, JEREMY FULLARD, above-named, complaining of the Defendant, DUKE ENERGY CORPORATION, herein, would respectfully show unto this court the following:

## PARTIES AND JURISDICTION

1. The Plaintiff Jeremy Fullard ("Plaintiff") is a citizen and resident of the county of Florence, state of South Carolina.

2. Upon information and belief, The Defendant, Duke Energy Corporation ("Defendant"), is a corporation organized and existing pursuant to the laws of the state of North Carolina and does significant business through its agents and servants in the county of Florence for the purpose of carrying on its business in the state of South Carolina.

3. The incident complained of and damages described herein occurred in the county of Florence, South Carolina.

4. This court has jurisdiction over Defendants, above-named, and venue is proper.

## FACTUAL ALLEGATIONS

5. Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

6. On or about December 15, 2018, Plaintiff was traveling south on Bethel Road near the town of Scranton, South Carolina, when he was involved in a single vehicle collision with a utility pole owned and operated by Defendant.

7. The vehicle in question left the roadway on the left-hand side of the road and collided with a utility pole owned and operated by Defendant.

8. That this collision caused both the pole and the distribution line to fall to the ground.

9. Upon information and belief the subject pole did not de-energize, as it was designed to do.

10. That upon information and belief, the utility line in question contained a Type WVE, three (3) phase circuit recloser, which was designed to monitor currents, trip open at a preset threshold, and reclose a preset number of times and remaining energized if the fault is momentary, or disappears.

11. That when a circuit recloser opens it is supposed to de-energize the line, on average staying open for roughly two seconds for each event before reclosing.

12. That if a fault is permanent, the recloser is designed to lock open after a preset number of operations, usually three (3) or four (4), thereby isolating the faulted section from the main part of the system.

13. That upon exiting the vehicle after the crash, Plaintiff inadvertently stepped on an energized utility line that had fallen as a result of the wreck, causing him to briefly lose consciousness and to sustain significant electrical injuries, including burns to his hands and feet and the loss of his left leg.

ELECTRONICALLY FILED - 2021 Jan 04 2:23 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100007

ELECTRONICALLY FILED - 2021 Jan 04 2:23 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100007

14. That the protective equipment failed to timely de-energize the energized current which caused the serious injury to Plaintiff.

15. Plaintiff was initially transported by ambulance to a hospital, where he was later transported to Joseph Still Burn Center in Augusta, Georgia, where he was admitted for further burn wound management.

16. That the utility line in which the Plaintiff unintentionally came into contact with should have been de-energized upon falling to the ground after the wreck.

17. As a consequence of the recloser's failure to operate, due in part to the improper application of fault current pick-up settings in place to assure detection and prompt de-energization of the line thus interrupting a fault current, the line remained hot and energized.

18. That as a direct and proximate result of coming into contact with the Defendant's energized power line, which is the subject of this action, Plaintiff endured excruciating pain and suffering and permanent and lasting disability, past and future medical expenses, past and future lost wages and lost earning capacity, loss of enjoyment of life, mental anguish, emotional distress, and significant disfigurement and skin loss as a result of second and third degree burns.

19. Moreover, Plaintiff was honorably discharged from the military, resulting in the lost opportunity of paying for higher education through the Montgomery GI Bill.

## FOR A FIRST CAUSE OF ACTION

### (Negligence)

20. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

21. That the National Electrical Safety Code (NESC) requires Defendant Duke Energy to operate, maintain, and inspect its power lines and equipment in order to ensure the safety of the public.

22. That the customary industry standards espouse that circuit reclosers should be utilized with due regard to their assigned ratings of voltage and continuous and momentary currents.

23. That industry standards and customary practice set forth that devices that are intended to interrupt fault currents shall be capable of safely interrupting the maximum short-circuit current they are intended to interrupt and detect the minimum fault current, and for the circumstances under which they are designed to operate.

24. Furthermore, the NESC espouse that phase to ground fault currents, which this was, shall be promptly de-energized.

25. Therefore, based on the aforementioned industry standards and customary practices, the Defendant owed the Plaintiff a duty to investigate and determine whether its equipment posed a danger to Plaintiff, as a member of the general public.

26. Defendant further owed Plaintiff a duty not only to keep safe the power lines at issue, but also the area around its equipment and utility pole.

27. That defendant breached the duty of care it owed to Plaintiff through it it's negligent, grossly negligent, reckless, willful, and wanton acts and/or omissions, thereby creating an unreasonable risk of harm and danger to Plaintiff, in the following particulars, to wit:

    a. In failing to properly set the recloser at appropriate thresholds so that it would thereby be capable of safely interrupting the maximum short-circuit current that it was intended to interrupt while properly operating for the likely minimum fault current that needed to be detected;

    b. In failing to follow the customary rules of the NESC and the industry, specifically the provisions that are considered necessary for the safety of employees and the public,

ELECTRONICALLY FILED - 2021 Jan 04 2:23 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100007

ELECTRONICALLY FILED - 2021 Jan 04 2:23 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100007

  through its failure to inspect and remedy defects in the setting of its recloser, and the placement of its utility lines and poles;

 c. The line, as designed, did not meet the requirements of the NESC since other feasible placement options were available at the time the pole was positioned in its current location;

 d. In allowing the lines to remain in an inherently dangerous condition resulting from the failure to inspect, maintain, and/or repair said lines, when Defendant knew, or should have known of the inherently dangerous condition caused thereby;

 e. In failing to exercise the degree of care which a reasonably prudent person would have exercised under the same or similar circumstances; and

 f. Any other ways to be shown at trial.

28. As a direct and proximate result of the Defendant's aforesaid negligent, grossly negligent, reckless, willful, and wanton acts and/or omissions, the Plaintiff has suffered bodily injuries which have caused and will in the future cause him to endure great physical pain, suffering, loss of enjoyment of life, mental anguish, and emotional distress, which have caused lost opportunity for funding for higher education through the Montgomery GI Bill, and have caused and will continue to cause the Plaintiffs to incur expenses for medical services.

 WHEREFORE, having fully set forth in Complaint above, Plaintiff prays for judgment against Defendant in a sum sufficient to adequately compensate for actual damages, for such punitive damages as a jury may reasonably award, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

ELECTRONICALLY FILED - 2021 Jan 04 2:23 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100007

                Respectfully Submitted,

                WALKER LAW, LLC

                s/ William P. Walker, Jr.

                William P. Walker, Jr., Esquire
                SC Bar No. 005796
                135 E. Main Street (29071)
                Post Office Box 949
                Lexington, South Carolina 29072
                Telephone: (803) 359-6194
                Facsimile: (803) 957-4584
                Email:  bw@walkerlaw.org

                *Attorney for Plaintiff*

Lexington, South Carolina

January 4, 2021

ELECTRONICALLY FILED - 2021 Jan 11 10:39 AM - FLORENCE - COMMON PLEAS - CASE#2021CP2100007

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF FLORENCE ) | FOR THE TWELFTH JUDICIAL CIRCUIT |
| ) | |
| Jeremy Fullard, ) | CIVIL ACTION FILE NO.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CERTIFICATE OF SERVICE** |
| ) | |
| Duke Energy Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Summons and Complaint in this matter has been served on the Defendant Duke Energy Corporation by delivered a copy to its Registered Agent as indicated on the postal receipt below.

                          WALKER LAW, LLC

                          s/ William P. Walker, Jr.

                          William P. Walker, Jr., Esquire
                          SC Bar No. 005796
                          Post Office Box 949
                          Lexington, South Carolina 29072
                          Email: bw@walkerlaw.org
                          *Attorney for Plaintiff*

Lexington, South Carolina
January 11, 2021

---

**Return Receipt (Form 3811) Barcode**

9590 9266 9904 2147 9432 62

1. Article Addressed to:
   CT Corporation
   2 Office Park Court Suite 103
   Columbia, SC 29223

2. Certified Mail (Form 3800) Article Number
   9414 7266 9904 2147 9432 69

PS Form 3811, Facsimile, July 2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _Lila Culler_     ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name): _Lila Culler_
C. Date of Delivery: 11/6/2020

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type:
   ☒ Certified Mail
   ☐ Certified Mail Restricted Delivery

Reference Information
Fullard v Duke
William P. Walker, Jr.

Domestic Return Receipt